UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Susan Qiao Qian Tan,

        Plaintiff,        Case No. 24-11137

v.        Judith E. Levy
        United States District Judge

Washtenaw County Health
Department, *et al.*,        Mag. Judge Anthony P. Patti

        Defendants.

_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Susan Qiao Qian Tan filed the complaint in this case on April 30, 2024. (ECF No. 1.) Documents mailed to Plaintiff have been returned to the Court as undeliverable. (*See* ECF Nos. 6, 8.) The documents were mailed to the address identified by Plaintiff in the complaint: 1431 Leforge Road, Apt 303, Ypsilanti, Michigan, 48198. (ECF No. 1, PageID.2.)

On October 1, 2025, the Court issued an order directing Plaintiff to submit a written notice that contains her current address by October 27, 2025. (ECF No. 7.) The Order warned Plaintiff that failure to comply with

this order may result in dismissal for failure to abide by Eastern District of Michigan Local Rule 11.2 and/or for failure to prosecute under Eastern District of Michigan Local Rule 41.2.

To date, Plaintiff has not submitted a written notice with a current address, and documents mailed to Plaintiff continue to be returned to the Court as undeliverable.

The Court dismisses this case with prejudice due to Plaintiff's failure to abide by Eastern District of Michigan Local Rule 11.2 and for failure to prosecute the case. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2. Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia,* No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), *cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S. Ct. 1133 (2024).

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal;

2

and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Here, Plaintiff has not informed the Court of her address and how she can be contacted. Plaintiff appears to have abandoned the case.

The second factor is not relevant because Defendants have not made an appearance in this case and, as such, are not prejudiced by Plaintiff's conduct.

3

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). Here, Plaintiff was informed numerous times that she is required to notify the Court of her address change and that failure to do so may result in dismissal. (ECF Nos. 4, 7.)

The fourth factor also favors dismissal. "[G]iven Plaintiff's failure to respond to the Court's Order . . . , [the Court] sees no utility in considering or imposing lesser sanctions." *Ostrander v. Smith*, No. 23-10803, 2024 WL 4888990, at *2 (E.D. Mich. Oct. 15, 2024), *report and recommendation adopted*, No. 23-cv-10803, 2024 WL 4886046 (E.D. Mich. Nov. 25, 2024).

In sum, three of the four factors discussed above favor dismissal. The Court therefore concludes that it is not an abuse of discretion to dismiss this case due to Plaintiff's failure to abide by Eastern District of Michigan Local Rule 11.2 and for failure to prosecute the case. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2.

Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: November 14, 2025          s/Judith E. Levy
  Ann Arbor, Michigan  JUDITH E. LEVY
            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2025.

            s/William Barkholz
            WILLIAM BARKHOLZ
            Case Manager